IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01168-BNB

CLARENCE ELMER HASSLER,

    Applicant,

v.

RICHARD SMELSER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Clarence Elmer Hassler, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Hassler filed *pro se* a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his 1998 conviction in Fremont County District Court case number 93CR120.

In an order filed on July 14, 2008, Magistrate Craig B. Shaffer ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 20, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period and that Mr. Hutchinson's claims are procedurally defaulted. On July 9, 2008, Mr. Hutchinson filed a Reply to the Pre-Answer Response.

The Court must construe liberally the second amended habeas corpus application and Reply filed by Mr. Hassler because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the second amended application, and dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

On March 29, 1994, Mr. Hassler pleaded guilty in No. 93CR120 to one count of sexual assault on a child by one in a position of trust. Initially, the trial court sentenced him to probation. After Mr. Hassler violated probation twice, the trial court on November 6, 1998, sentenced him to thirty years of imprisonment in the DOC. Mr. Hassler did not initiate a direct appeal.

On December 16, 2005, Mr. Hassler filed a postconviction motion pursuant to Rule 35 of the Colorado Rules of Criminal Procedure. On August 15, 2006, the trial court denied the motion as untimely because it was filed more than seven years after his November 6, 1998, sentencing, and as meritless. On December 20, 2007, the Colorado Court of Appeals affirmed. On April 7, 2008, the Colorado Supreme Court denied certiorari review.

On May 29, 2008, Mr. Hassler's original application was received for filing in this Court. He asserts two claims attacking his resentencing to thirty years of incarceration

in the DOC. As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Hassler's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Hassler had forty-five days to file a notice of appeal after he was

3

resentenced on November 6, 1998. As a result, the Court finds that Mr. Hassler's conviction became final on December 21, 1998. The Court also finds that the one-year limitation period began to run on December 21, 1998, because Mr. Hassler does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. Therefore, Mr. Hassler had until December 21, 1999, to file a federal habeas corpus application in this Court, absent a reason to toll the one-year limitation period during the pendency of a properly filed motion for postconviction relief.

Mr. Hassler did not file a Colo. R. Crim. P. 35 motion until December 16, 2005, 2,187 days after the one-year limitation period had expired. He then waited until May 29, 2008, 52 days after April 7, 2008, when the Colorado Supreme Court denied certiorari review on his Colo. R. Crim. P. 35 motion, to submit his original application to this Court. As a result, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the

statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Hassler bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Hassler fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Hassler fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the second amended habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 17 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01168-BNB

Clarence E. Hassler
Prisoner No. 99144
Crowley County Corr. Facility
6564 State Hwy. 96 - 2D - 4412
Olney Springs, CO 81062-8700

Melissa D. Allen
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/18/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk